Southard J.
The case set out in the state of demand, Is as follows. Ayers and Thompson had obtained an execution against Joseph Hoover, for $62.62; and while it was yet in force and unsatisfied, they agreed to transfer it to Swayze, if he would deliver them 110 bushels of oats. He , . delivered the oats according to the agreement, and they refuse(j to transfer the execution. Upon this case, there * 7 was trial, verdict, and judgment for $70 ; and the plain-i*1 certiorari allege, that this judgment ought to be reversed, because the state of demand contains no lawful, cause of action; inasmuch, as the execution could not legally be transferred, and, therefore, the promise was not binding. But I do not perceive any difficulty in the case. It was lawful for Swayze to sell the oats; it was lawful for Ayers and Thompson to pay him either in money, or what, to him, would have been equivalent. • The right of receiving the money, upon this fieri facias, or of directing the officer in executing it, might have been of great value to the plaintiff below; at least equal to his oats. . And although there might have been a legal difficulty in their transferring the execution to him, so that he could maintain a suit founded on it; yet there was no legal difficulty in their transferring their right to receive the money made upon it, which is all *that I understand, is alleged by the case. I, therefore, see no defect in the demand.
The plaintiffs in certiorari, also rely upon the illegal service of the summons, inasmuch as the constable *937 returns it “ served on the defendant, by his reading it himself, and no copy demanded.” But although this service might have been questioned where there were two defendants ; yet the defect, if any, is cured by the subsequent appearance of the defendants, by one of the attorneys of this court, his taking no notice of the defect, but proceeding to the trial.
Judgment affirmed.